IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE DE JESUS JAIMES, | ) | No. C 12-2498 JSW (PR) |
| Petitioner, | ) | **ORDER DENYING PETITION FOR** |
| | ) | **WRIT OF HABEAS CORPUS; ON** |
| vs. | ) | **PENDING MOTIONS** |
| | ) | |
| RON BARNES, | ) | |
| | ) | |
| Respondent. | ) | (Docket Nos. 2, 3, 5, 6) |
| | ) | |
| _____ | ) | |

### INTRODUCTION

Petitioner is a California prisoner proceeding pro se, and he has filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. This order denies the petition on its merits, denies Petitioner's motion for appointment of counsel, and grants Petitioner's motions for leave to proceed in forma pauperis.

### BACKGROUND

In 2008, a jury in Santa Clara County Superior Court convicted Petitioner of various sex offenses. The jury also found true the special allegations that each offense was committed during the course of a burglary. The trial court sentenced him to a term of 50 years to life in state prison. Petitioner's appeals to the California Court of Appeal and the Supreme Court of California were denied in 2011.

**DISCUSSION**

I       Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II      Legal Claims

As grounds for federal habeas relief, Petitioner claims: (1) that the trial court erred in admitting highly prejudicial evidence of a prior uncharged sex offense under California Evidence Code Section 1108 to show Petitioner's propensity to commit the charged sex offenses; and (2) that the trial court failed to instruct the jury on an element of burglary. It is clear from the petition that federal habeas relief cannot be granted on these claims.

With respect to the claim that the trial court improperly admitted prejudicial evidence, the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *See Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Thus, even if a state trial court's admission of irrelevant and inflammatory materials was "fundamentally unfair" under Ninth Circuit precedent, this error cannot be the basis of federal habeas relief because it is not contrary to, or an unreasonable application of, clearly established Federal law within the meaning of 28 U.S.C. § 2254(d). *Id.*  With respect to the admission of prejudicial propensity evidence – the basis of Petitioner's first claim, the United States Supreme Court has left open the question of whether admission of such evidence violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 75 n. 5 (1991).  Based on the Supreme Court's reservation of this issue as an "open question," the Ninth Circuit has held that a petitioner's due process right concerning the admission

of propensity evidence is not clearly established federal law as required by Section 2254(d) and thus cannot be the basis of federal habeas relief. *See Alberni v. McDaniel*, 458 F.3d 860, 866-67 (9th Cir. 2006); *accord Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008) (reaffirming *Alberni*); *see also Larson v. Palmateer*, 515 F.3d 1057, 1066 (9th Cir. 2008) (because Supreme Court expressly reserved the question of whether using evidence of prior crimes to show propensity for criminal activity could ever violate due process, state court's rejection of claim did not unreasonably apply clearly established federal law). Consequently, a federal habeas writ cannot be issued based upon Petitioner's first claim.

Petitioner's second claim is also without merit. Petitioner argues that the trial court violated his constitutional rights because it failed to instruct the jury on an element of burglary, specifically that the prosecution had the burden to prove that Petitioner did not have an unconditional right to enter the bedrooms. (*See* Pet. at 6; Pet. Ex. M at iii, 18-20.) A jury instruction that omits an element of an offense is constitutional error. *Cf. Evanchyk v. Stewart*, 340 F.3d 933, 940 (9th Cir. 2003). However, the California Court of Appeal held that under California law, the lack of an unconditional right to enter is not an element of burglary, but rather it is an affirmative defense to burglary to prove the existence of such an unconditional right. (Pet. Ex. M at Ex. A at 20.) This interpretation of state law is binding on this Court for purposes of federal habeas review. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus); *Hicks v. Feiock*, 485 U.S. 624, 629-30 (1988) (even a determination of state law made by an intermediate appellate court must be followed). Because Petitioner's unconditional right to enter the room was not an essential element of the offense under California law, the federal constitution did not require the trial court to instruct the jury sua sponte that the prosecutor had to prove it beyond a reasonable doubt. Accordingly, Petitioner's claim of error based on this omission in the jury instructions

3

does not warrant federal habeas relief.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the petition for a writ of habeas corpus is DENIED.  In light of this conclusion, the motion for appointment of counsel is DENIED.  Petitioner's application to proceed in forma pauperis is GRANTED due to his lack of funds.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided.  Petitioner has failed to make a substantial showing that a reasonable jurist would find this Court's denial of his claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: July 11, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE DE JESUS JAIMES,

        Plaintiff,

  v.

RON BARNS et al,

        Defendant.

_____/

Case Number: CV12-02498 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose De Jesus James
G41318
HDSP
P.O. Box 3030
Susanville, CA 96127

Dated: July 11, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk